**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHELLEY JEANNE ZELLMER

        Plaintiff,                    Case No. 06-CV-13171

-vs-                            PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA;
JACKSON COUNTY POLICE DEPARTMENT;
INGHAM COUNTY POLICE DEPARTMENT;
MICHIGAN STATE POLICE;
FEDERAL BUREAU OF INVESTIGATION;
and MSNBC/NBC,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Before this Court are the following Motions to Dismiss:

(1)     Defendant Ingham County Police Department (Docket No. 2)
(2)     Defendant Michigan State Police (Docket No. 4)
(3)     Defendant Jackson County Police Department (Docket No. 8)
(4)     Defendant United States of America & Federal Bureau of Investigation
        (Docket No. 11)

For the following reasons, the Court GRANTS Defendants' Motion to Dismiss.

## I.    BACKGROUND

Plaintiff Shelley Jeanne Zellmer ("Plaintiff") filed her Complaint on July 13, 2006,

alleging the following causes of action against all Defendants:

I.      Violation of Constitutional Right to Privacy through the bugging of her home and
       mini-van and by tracking her everywhere she goes
II.     Violation of Constitutional Right to Free Exercise of Her Religion without

1

Dockets.Justia.com

restraint, monitoring, and/or interference from the U.S. Government and/or media

III.    Violation of Constitutional Right to Free Association with whom she wills in privacy and without interference, communicating it to other parties, and/or monitoring of the government and/or media

Plaintiff makes no specific factual allegations. Instead, Plaintiff requests that the Court grant her the following injunctive relief:

(1)    That all persons/agencies to terminate the bugging/filming of Plaintiff's home, minivan, and church;

(2)    That all persons/agencies that all tracking/surveillance of Plaintiff's activities must cease;

(3)    That Plaintiff be provided with the means to ascertain independently if she is under surveillance, tracked, or bugged;

(4)    To have Defendants inform her of everyone with whom they have discussed her and apologize to her;

(5)    To reimburse Plaintiff for expenses incurred in this case;

(6)    That no agent-initiated searches be conducted on her home or property in violation of the Fourth Amendment;

(7)    That all parties wishing to perform surveillance or watching of Plaintiff be barred from doing so without Plaintiff's prior dated and written consent.

## II.    STANDARD OF REVIEW

In assessing a motion to dismiss pursuant to FRCP 12(b)(6), the court treats all well-pleaded allegations as true. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Id*. (internal quotations omitted). The Court construes the complaint in the light most favorable to the non-moving party. *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). A complaint will survive a motion to dismiss if it contains either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. *Performance Contracting, Inc. v. Seaboard Sur. Co.*, 163 F.3d 366, 369 (6th Cir. 1998).

## III.    ANALYSIS

Defendants argue that Plaintiff's pro se Complaint merely makes a series of conclusory statements with no factual basis that cannot state a claim upon which relief can be granted under FRCP 12(b)(6). Furthermore, Defendants point out that Plaintiff's Complaint does not specifically identify which Defendant performed which action.

Under FRCP 8(a), a plaintiff is required to submit: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief that the party seeks." The Sixth Circuit has held that although pro se litigants should be afforded leniency, they cannot ignore basic pleading essentials. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A Complaint must be sufficiently clear to put a defendant on notice of what the claims are and upon which grounds they rest. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).

The Court finds that Plaintiff's pro se Complaint does not meet basic pleading requirements required under FRCP 8(a). Therefore, the Court must dismiss Plaintiff's Complaint.

**IV.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss.


**SO ORDERED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 17, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 17, 2006.


s/Denise Goodine
Case Manager